# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DAREN KAREEN GADSDEN,           :

    Petitioner                                        :

v.                                                          :   Civil No. ELH-13-671

    (Related Criminal No. WDQ-11-302)

WARDEN ROBERT KOPPEL, et al.,    :

    Respondents                                  :

......................
**MEMORANDUM**

Pending is a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed pro se by Daren Kareem Gadsden, a federal detainee awaiting trial. *See United States v. Daughtry, et al.* Criminal Action No. WDQ-11-302 (D. Md). Gadsden alleges that he is being unlawfully detained pending a re-trial necessitated by a mistrial at his first trial. He claims that the indictment filed against him was based on "false business records and testimony." Moreover, he alleges that false statements were made against him during his detention hearing and at trial before the Honorable William D. Quarles, Jr., which ended in a mistrial. And, he complains that his re-trial is not set to begin until July 2013, in violation of his right to a speedy trial. ECF No. 1. Gadsden is represented by counsel in his pending criminal case.

"It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391-92 (1918). Federal habeas courts will not interfere in pending federal criminal prosecutions where a defendant has available an adequate forum for his claims. "Prudential concerns, such as . . . the orderly administration of

criminal justice, may require a federal court to forgo the exercise of its habeas corpus power." *Munaf v. Geren,* 553 U.S. 674, 693 (2008) (citations and internal quotation marks omitted). "As a general rule, in the absence of exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent, courts require exhaustion of alternative remedies before a prisoner can seek federal habeas relief." *Timms v. Johns*, 627 F.3d 525, 530-31 (4th Cir. 2010) (citations and internal quotations omitted).

No exceptional circumstances are presented here. Moreover, in *Stack v. Boyle,* 342 U.S. 1 (1951), the Supreme Court applied the rule of exhaustion in rejecting a petitioner's habeas corpus challenge to a district court's bail decision as violative of the Eighth Amendment. The Court held that district courts "should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted." *Id*. at 6-7. Gadsden may raise his defenses in the context of his criminal trial. *See e.g. In re Williams*, 306 Fed Appx. 818 (4th Cir. 2009). Further, as to his claims, petitioner has yet to exhaust other available avenues of relief under the Bail Review Act. *See United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987); *Fassler v. United States*, 858 F.2d 1016, 1017-18 (5th Cir. 1988).

Accordingly, the petition shall be dismissed. In light of the foregoing, Gadsden's motion to appoint counsel (ECF No. 3) and motion for immediate release (ECF No. 10) shall be denied. A separate Order follows.

Date: May 16, 2013          /s/
                            Ellen Lipton Hollander
                            United States District Judge